Mr. Carpenter, you are here again. I understand you want five minutes for rebuttal? Actually, ten. You have five minutes. I'm sorry, that's correct. All right, you may begin. Thank you very much. May it please the Court, Kenneth Carpenter appearing on behalf of Ms. Eileen Richardson. Mrs. Richardson's appeal of the Board of Veterans' Appeals dismissing her husband's pending appeal before the Board was not premature as found by the Court below. Further, that decision was final and it was adverse. As a consequence, the jurisdiction of the Veterans' Court was implicated. The failure of the Veterans' Court to recognize that misinterpreted the statutory provisions that concern the right of an individual to bring an appeal of a final decision. I believe a dismissal of a pending appeal is a final decision. And that that decision was adverse to her because in this case it denied her the indisputable right that she had under 38 U.S.C. 5121 A to be substituted as an appellant. Has she made the request to substitute before the agency? She has not, other than through the proceedings of taking the appeal. Why not? Because she does not believe that she is required to make that. And this Court in Reeves said that by filing an appeal that puts the agency on notice under the provisions of 3.155 A of an informal claim to make such a claim. So she has in fact made the claim informally. So have you asked the agency to adjudicate her informal claim? No. But I guess your position is if we were to affirm the Veterans' Court here, you preserved your client's right to go back to the AOJ and file your motion to substitute her in place of the veteran. That's correct, John. And our problem with that process is that that allows a lesser tribunal, the agency of original jurisdiction, to make a determination on a superior tribunal, the board, on the question of substitution. Not only on the question of substitution, but on the question of the reinstatement of the appeal. There is no authority, and the VA cannot create authority, to allow the agency of original jurisdiction to resurrect a decision that has been dismissed by the board. The board is the only entity, along with the Veterans' Court, that has the authority to decide that a decision of the board shall be vacated and reinstated. Just so I understand, what's the legal authority for why the VA can't do this form of administrative remand, in a sense, to go back to the AOJ, to select the AOJ and make this determination, rather than have it done at the appellate level of the board? Because it's clearly in conflict with the unambiguous intent of Congress in creating 5121 A. They created 5121 A in order to avoid exactly this type of administrative hurdles for the survivors to be able to step right into the shoes of the Veteran in their pending matter. Have you made an attack on the current regulations? The current regulations don't become final until later this month. I assure you there will be an attack made on those. I thought that took effect two days ago. Oh, was it two days ago? I'm sorry. I know it was sometime this month. Can I ask you this? Suppose I disagreed with your argument about 5121 A, and I thought that that statute, for a variety of reasons, delegating implementation authority to the secretary and so on, allowed the scheme that has now been set up, that you get out of line in front of the board, you go back and you prove that you're a proper substitute, then you get right back in line. At that point, what argument do you have that, in particular, I think the only question in front of us is whether the Veterans Court had jurisdiction? That's correct, Your Honor. Putting completely to one side 5121 A, have we ever treated a board ruling that does not address the merits of a claim as a decision under 72 whatever? In order for the board to have jurisdiction, it had to have a decision of the board. Oh, you mean the court to have jurisdiction, not the board to have jurisdiction. In order for the Veterans Court to have jurisdiction, there had to be a board decision. And there are no cases that I am aware of that address that precise issue, whether or not a procedural dismissal is. However, I have been involved in a number of cases in which the board… More proceedings have to take place and maybe even more proceedings that amount to a couple of weeks hiccup. What other circumstances… Well, with all due respect, Your Honor, this is not a couple of weeks hiccup. Well, that's because you haven't gone to the VA. No, no. I'm sorry. My experience with the VA is that this becomes a protracted… Right, but we don't know that. We have no idea that you haven't tried. And quite frankly, this court, although I'm happy to talk about 5121 capital A as it relates to the question of whether this was or wasn't an adverse decision, the fact is that we were denied the right to litigate that issue before the Veterans Court. And that's the legal error here. I'm sorry. I just want to focus on this. The statute governing the Veterans Court jurisdiction says it has jurisdiction over decisions. That's correct. What is the decision that as… The decision to dismiss the Veterans Appeal. Now, when have we ever treated a board ruling that doesn't adjudicate any part of the merits of a claim as a decision? I don't know. As far as I know, there is no case that addresses that issue. I can tell you that I have appealed a number of cases to the Veterans Court based upon a dismissal of an appeal at the board to the Court of Appeals for Veterans Claims and then appealed that decision to this court. Right. And that would be appropriate if the dismissal was with prejudice. So wasn't the fact that the Veterans Court interpreted the dismissal from the board to be without prejudice a distinguishing fact that changes the analysis? That is where the relevance of 5121A comes into play. We believe that it is prejudicial because she was denied the right for an immediate opportunity to substitute. What happened was in September of 2012, literally within 10 days of the veteran's death, the board acted to dismiss the appeal. No notice to Mrs. Richardson. No opportunity for her to be substituted. She couldn't even file a motion for reconsideration because she wasn't a party. The only remedy she had was to either go back to the agency of original jurisdiction in accordance with the FAST letter or take an appeal to the Veterans Court. Right. So your attack is on the FAST letter and now the current regulations. That's correct, Your Honor. And is this the proper vehicle through which to do that? That is the attack for the basis for why the Veterans Court was wrong that this was not a dismissal with prejudice. There was clear prejudice to her because she has been either forced under the FAST letter to get out of line and go back and get permission from the agency of original jurisdiction in order to proceed with an appeal that Congress authorized her to be immediately substituted in. But under the FAST letter, she gets back in line, right? Regardless of which way the decision goes. She's reinstituted to the same place in line. That's correct. All right. Even if they deny her substitution. Well, no. If they deny her substitution, then she has to appeal that decision from the agency of original jurisdiction.  Oh, no. She has to start a whole new appeal. She doesn't get back in line because she's not in her husband's appeal because she was denied substitution. But the regulation specifically says she gets back in line. In other words, there's no delay. Well, I understand that that's the way in which the VA has framed it. However, there is no authority for the creation of a non-7105 compliant appeal to get generated because the VA said so in a regulation. The only way you get to the Board of Veterans' Appeals is if you have a decision, a notice of disagreement, a statement of case, and a substantive appeal. Go through those steps under 7105. You get the rightful review of the Secretary's decision to deny substitution. And that's the fundamental problem here is that survivors have denied the opportunity. In 2008, Congress ordered the VA to promulgate regulations. It's now 2014 and we finally have those regulations promulgated. Mr. Carpenter, I'm still trying to locate what's the substantive harm to your client just by virtue of the fact that it's the AOJ that's going to resolve the substitution question rather than the board. Because you may not want that, but I don't see how that's an actual harm, let alone I don't see how the VA precluded from designing how it wants to have these substitution motions handled. We have to make a distinction here, Your Honor, between whether or not the answer to that question goes to the merits of 5121A and the VA's regulation and or its FAS letter, and whether or not the Veterans Court was correct in denying or in dismissing Mrs. Richardson's appeal. Mrs. Richardson, as a statutory right, has an ability to take an appeal if she were adversely affected. She was denied the opportunity to substitute. She could not substitute at the board. There is nothing in the plain language of 5121A that suggests the process that the VA adopted in its FAS letter and has now adopted in regulation. But what if I conclude or the court concludes that there's also nothing in 5121A that precludes the selection of having the AOJ be the one that handles the motion to substitute? My question is, what is the substantive harm to your client? The denial of judicial review. Congress wrote 7252 and 7266. There's an opportunity for the substitution question to be resolved. It will be resolved by the AOJ. If the AOJ grants the motion, the appeal at the board will snap right back into place with the same docket number, and she will be substituted in to complete the processing of the veteran's claim. And the appeal taken by Mrs. Richardson attempted to challenge that, and she was denied the opportunity to challenge that by the Veterans Court's error of law in dismissing her appeal. She was a person adversely affected by a final decision. Judge Serrano raises a legitimate question as to whether or not dismissal constitutes a final decision. There is no authority on that. On that basis, I believe that this court could say, no, it's not a final decision. It's more equivalent to a remand. But that is the issue, in my view, that should have been addressed by the Veterans Court and was not. So it's your position, I'll restore your rebuttal, but it's your position then that the Veterans Court should have adjudicated the fast letter procedure and the legitimacy of that procedure in light of 5121A? That they had jurisdiction to do so because she was a qualified appellant. There was a final decision, and she was adversely affected by that decision. Thank you very much. I'll give your full rebuttal back. I'd like to add three minutes to the government's time. May it please the Court. Mrs. Richardson seeks direct substitution before the Board, but this goes against the fundamental tenet of VA law. I'm sorry, I just wanted to ask a quick administrative question. Certainly. Do you regard the Notice of Appeal that Mrs. Richardson filed as an informal claim for a motion for substitution? We agree that there is a possibility that it could be construed as an informal claim. What does that mean, a possibility? Is it yes or is it no? Mrs. Richardson would need to go before the AOJ and file a motion to substitute. Are you saying right now the VA doesn't have a position on whether or not that constitutes an informal motion to substitute her in for her late husband's claim? It's our position that under Reeves, it would be an informal claim. Yes. The answer is yes. Yes. Okay. Correct. Please continue. Thank you. I understand your position with respect to the 5121A and the FAFSA letter and the new regulations and how it all could or couldn't work. But is that really the question that is before us? Is the question before us how 5121A should work or is the question before us whether the Veterans Court had jurisdiction to assess how 5121A should work? The question before you is whether the Veterans Court had jurisdiction to assess the Board's decision. Okay. So is it dismissal? When the Board dismissed, the Board did not say it was dismissing without prejudice. The Board said the case was moved because the Veteran was dead. Admittedly, the Board was operating under the wrong law. But the Board dismissed and it didn't say it was without prejudice. And from that, she appealed. Why wouldn't the Veterans Court have jurisdiction even if ultimately the Veterans Court said 5121A can work exactly as the VA thinks it should work? Because the Board's decision by reserving Mrs. Richardson's right to go before the AOJ to file this motion for substitute essentially made it into an administrative remand. And by that, it was a dismissal without prejudice. So how can a court that has zero jurisdiction remand, vacate a Board decision and remand if they have no jurisdiction? Well, it didn't in fact remand, but it did state in the content of the decision that Mrs. Richardson maintained the ability to file her motion to substitute before the AOJ. First of all, this is a factual matter. Did the Veterans Court here vacate the Board's dismissal? It dismissed the case. It dismissed the appeal before it. And no, it did not specifically vacate the Board's decision. So the Board's dismissal remains in place. I'm not quite sure what it would mean to vacate the dismissal. That would be reinstating the Board appeal or something? The Veterans Court did not explicitly vacate the Board's decision. And the Board's decision specifically stated that it did not affect the right of the eligible person to file a request to be substituted as the appellate for purposes of processing. So that's part of my problem with what the Veterans Court did here. It said in two different places that the proper remedy is to vacate the dismissal. So I don't know whether that's the remedy it did. It repeated that fact twice in a very short opinion that the proper remedy is to vacate the dismissal. It also reconstrued the dismissal as one without prejudice, even though the Board did not specify it as without prejudice. And we know the normal rule is if it's not specified, it's with prejudice. And that it interpreted her rights under 5121A in the FAST letter. How can you do all of that if you have no jurisdiction over the case? Well, it followed Smith v. Brown, which had held that a Board decision after a veteran's death is made without jurisdiction. It's not a final decision. And because of that, the Veterans Court did not have jurisdiction to address the case on the merits. Can I ask you a quick question? If Mrs. Richardson had filed in the Board, which she did not do, a motion to substitute or a motion to intervene and substitute, and a Board had said no, would that ruling have been a decision appealable to the Veterans Court under 7252? I think I've got the number right. No, because it still would not have been on the merits. Is the language of with prejudice, without prejudice, used in this arena in the Board of Veterans Appeals and the Court of Veterans Claims? Or was that use here a kind of characterization in terms familiar from other contexts to the substance of what went on here? I'm not sure if generally it's specified, but I know in the new regulation it does modify the previous regulation and state that the Board's appeals will be dismissed without prejudice. So it is clarified now in the regulation, but previously it had been interpreted to mean that it was without prejudice because it allowed for the ability to go back before the AOJ filed a motion to substitute. And it's essential that this request to substitute be decided in the first instance by the VA regional office in order to comply with the right to one review on appeal that is statutorily mandated. Can you explain what that one review on appeal means? I thought it meant you wanted, as an administrative matter, to have all the issues bundled up for one appeal to the Board. And we kind of already have that here because we're already at the Board. So why wouldn't you just go ahead and permit the Board to resolve this question on the substitution? One review on appeal has been interpreted in DAV to require that evidence be considered in the first instance by the agency of original jurisdiction in order to allow all veterans to have a double-tiered review system within the agency. So they have their initial consideration and then also review of any adverse decision at the Board. And this is a benefit that is good for the entire community of veterans. But why doesn't that relate to the merits as opposed to the substitution? We're talking about a separate jurisdictional statute. 5121A specifically created authority for substitution. Absolutely. It's indisputable that Section 5121A creates substitution, but it does not implement procedures to do so. It leaves that to the discretion of the Secretary. And in order to reconcile Section 5121A with the one right to review on appeal in 7104A, it's necessary for that motion to substitute to be filed before the AOJ. But the one right to appeal relates to the merits of the benefits claim. Why does that have to govern the substitution issue? Because it relates to all matters that are subject to decision by the Secretary. And that would include a request to substitute here. Well, but that's what the seriatim claims, that if there are different claims and different issues, they have one right to appeal with respect to every issue. So why isn't this a different issue? It is a different issue in the sense that it's not been examined before. It hasn't received its initial review. So in the instance that there may be two potential claimants seeking substitution, it would be beneficial to have that multi-tier review in a complicated situation. So why not just stay the appeal before the board pending a determination below? Because in every instance, there may not be an individual to file a motion to substitute. And if it was just stayed for one year, it may end up never being subject to a motion to substitute. It would be more efficient to dismiss it, have it returned to the agency of original jurisdiction, and then in the event there is an adverse decision or a positive decision, it would return and take the place back to the board. So does the agency of original jurisdiction guarantee that it will act on the motion to substitute before the queue in the appeal gets to the point of considering the merits? I'm not sure I understand. I mean, the whole point, the Veterans Court said, well, you're not going to be prejudiced because you get back in line where you were supposed to be. But if the agency doesn't guarantee that it's going to decide it within, say, 30 days, then you could end up missing your place in line because that place disappears. Well, the agency doesn't have a strict timeline in the previous fact letter or in the new regulations specifically for deciding the motion to substitute. But in the vast majority of cases, it's going to be a quick decision. It won't require too much fact-finding. There will be unique situations where it may be more complex. Do you have data to support the proposition that in the vast majority of cases, you turn these things around very quickly? No, I do not. And I suppose it would be possible that if you started, you, I mean, the agency started dragging its feet, that there would be a legal argument that that was actually denying the now formal regulatory right to get back in line. Certainly that's possible. But in any event, whether it's the board or the agency of original jurisdiction, the decision as to eligibility will still need to be made. So the time issue is not as substantial because the decision must be made either way. Even if you're 100% right, though, on this, I'm still not understanding why it's that argument that is to convince us that the Veterans Court had no jurisdiction because it's that argument that goes to the merit of her underlying appeal. And so the question is, why isn't it the case that the Veterans Court could have said all this and could have said we have jurisdiction over this appeal? We ultimately conclude that because there is no prejudice and that this procedure is appropriate under the law, that we remand and her claim for substitution should be adjudicated at the board. And then we could be up here actually deciding the very arguments, the very issues that you're arguing we should be persuaded by. And I think the only answer for that is simply that under Smith v. Brown, that previously it was determined that board decisions after an appellant dies is made without jurisdiction and that it is uniformly dismissed. This may just be a variant of the question just asked, but is it your position that we can or should affirm the Veterans Court dismissal for want of jurisdiction without our addressing the meaning of 5121A? That it wouldn't matter what 5121A said? The board still would not have a decision under 7252 in front of it?  Go ahead. The procedures set forth by the VA preserve all veterans' rights to appeal an adverse decision within the agency before seeking judicial review. And every single claimant, like Mrs. Richardson, may not desire two levels of review, but it's still a benefit for all veterans to be able to have that opportunity. I think I understand right that your argument, even if we reach 5121A, doesn't require this reliance on one review on appeal, but I just want to understand something that at least I don't understand about the one review on appeal statute. What's it, 511, I think? It's 7104A. Oh, what am I thinking of? It doesn't matter. Has one review on appeal ever been used against the claimant? Is this a right that the claimant has, or is it sometimes, as I think you're invoking it here, a basis for saying, no, the claimant cannot go, cannot do this, because that would interfere with a statutory rule of one review on appeal that can work against the claimant. One review on appeal is a benefit for the claimant, and in this circumstance, because there may be competing interests in other claimants, it's to preserve that right for everyone, not simply Mrs. Richardson here. It's looking to the competing interests as well. Is there, I don't know, a regulation or something in the VA manual that says the Board of Veterans' Appeals can never consider any evidence? It's a pure appellate body, and so therefore, if there's ever a time where there's an issue that crops up at the board level, where there has to be some new piece of evidence that has to be entertained, that should always be remanded back. I don't know if there's a specific regulation, but in DAV, the court very clearly said that the board generally cannot consider evidence and that it must go back to the AOJ in the first instance. DAV? Disabled American Veterans versus the Secretary. DVA. I think it's DAV, DVA. Is it when the substitution gets granted, is it the veteran's claim that continues to get processed, or is it the surviving spouse's accrued benefits claim that's getting now processed? It becomes the surviving spouse's accrued benefits claim, but she steps directly into the shoes of the previous appeal and receives that same docket number, but it does become her claim as the substitute, as the survivor. I thought I saw something in our Reid's opinion, which sort of suggested that the spouse is now stepping into the veteran's shoes to process the veteran's claim. And now I saw language in the veteran court's opinion that talked about Ms. Richardson's accrued benefits claim is replacing the veteran's earlier pending claim, and then I got confused as to what's the best way to characterize what's really going on here. Is it now Ms. Richardson's accrued benefits claim that is being evaluated, or is it the veteran's earlier pending claim in which now Ms. Richardson is standing in his shoes? Yes, Ms. Richardson now has the opportunity to continue the adjudication of the veteran's claim, which is different than the scheme that previously existed where she would start completely from square one with her own claim. So it's not just an accrued benefits claim, it's his benefits claim. Yes, and she's able to now, by substituting, potentially submit additional evidence and proceed with his. So when the veteran's court kept saying her accrued benefits claim, accrued benefits claim, accrued benefits claim throughout the opinion, was that a misnomer? I think that there's perhaps a lack of clarity in how it's spoken about, but essentially she is substituting into his claim, and in contrast to how the process previously works where she would have to submit her own claim. Right, but doesn't that imply that the veteran's court didn't understand how 5121A operated when it made its decision with respect to its own jurisdiction? No, certainly not, because... And citing Smith, which was an awful old case, it's under a completely different scheme. And Landiccio, too. But there's nothing in section 5121A that speaks to the procedures that must be followed. So the VA's procedures here reconcile the previous procedures of dismissal with returning to the AOJ to file a motion to substitute. And by reconciling them, it solves any tension between... Okay, we're done. Thank you, Your Honor. There is, in this case, only one claim. There is only one appeal. That is Mr. Richardson's appeal. 5121A authorizes Mrs. Richardson to be substituted into that appeal. There is one decision on review. That is Mr. Richardson's claim, which Mrs. Richardson, under the authority given to her by Congress in 5121A, has the authority to complete. You just said decision equals claim. That can't be right. So a decision is not a claim. It's a ruling on a claim, and that's what has not happened here. I'm sorry, Your Honor, I don't recall that that's what I said. But if that's what I said, then I misspoke. What I'm talking about is that the claim for benefits, that is the subject matter of the decision, that is the appealed decision. In this case, it's a question of entitlement to a total rating between 1959 and 1988. That's the substance of what was before the board at the time of Mr. Richardson's death. That is the decision under 7104A that there is entitlement to one review. That one review provision under 7104A was in place. 5121A does not disrupt that and does not, as the VA envisions, create any need to create a separate track for the possible hypothetical circumstance in which there may be contesting individuals claiming to be qualifying survivors. Aren't we just potentially wasting your time, though, if in fact Congress gave, even if we agree with you that the Veterans Court did have jurisdiction to consider how 5121A operates and whether the VA had the authority to require this process, don't you have a problem in that Congress specifically said in 5121A that they should pass regulations? Certainly, Your Honor, and those regulations have to be reasonable. They certainly have the authority and the responsibility under the statute to create those regulations. But we have attempted to get those regulations published. They're now published and for the first time in six years, we're able to then file a rulemaking challenge in this court. But up to that point, which was not the case when this appeal was undertaken, there was no other remedy. You either followed the FAS letter and got in another line, in another queue, or you attempted to take an appeal to the appropriate appellate court. So should we state its appeal pending a rulemaking challenge? Are you saying that essentially the challenge to the practice under the FAS letter, which is effectively the same as the rule, is sufficient? No, Your Honor, because in this case, this case turns on whether or not the Veterans Court did or didn't have jurisdiction. That question turns on whether the decision to dismiss was a final decision. If it was a final decision, and I believe it has to be a final decision, because at the end of the year... But jurisdiction to consider what? The assertion by Mrs. Richardson that the rules imposed upon her by the VA through the FAS letter were unreasonable and that she had a statutory right under 5121 capital A to receive notice from the board before dismissal and to have the opportunity to be substituted. She received neither. There is no provision in the VA's current regulations that I'm aware of that provides for notification. Somehow out in the great ether, qualifying survivors are somehow supposed to know. In this case, the government talked about the issue of developing evidence. In this case, in the record, is the 1961 marriage license between these two parties, Mr. and Mrs. Richardson. And that is the only evidence that's necessary. It was in the claims file. The VA had it because the VA since 1994 had been giving Mr. Richardson additional benefits because of his marital status. Can I ask you before you sit down? I guess this is a very practical question. In what way, anyway, would you be prejudiced by filing with the VA right now, essentially following the regulatory procedure and the FAS letter saying, I don't want to hear that you're not required to. No, no. It is our belief that there would be unnecessary administrative delays because of the administrative hurdles imposed by the VA's FAS letter and now the VA's regulations. Do you have evidence or data that in fact since 2008 there have been such delays? I only can give you my experience, and in my experience they have been delayed because the regional offices do not know how to handle this because they have the same problem that Judge Shin has in trying to understand this two-track system that has been created as a result of 5121. Is it an accrued benefit claim, which is the form that they use, and that's not the procedure. The procedure is for substitution in a pending appeal. That's what we said in Reeves, right? That's correct. Thank you all very much for your time and attention. Thank you.